Hull, J.
This case, comes into this court upon petition in error from the judgment of the court of common pleas affirming the judgment of a justice of the peace. The action was commenced before a justice of the peace of this county by the plaintiff in error, Mary A. Ward, against the defendant in error, to recover $78.00 which she claimed was due her from the defendant. An affidavit for a writ of attachment was filed, charging that the defendant was a nonresident of the county and state, and an attachment was issued. A process of garnishment was served upon a person whom it was claimed had money in his hands belonging to the defendant, A motion was filed by defendant’s at *137 torneys to discharge the attachment, on the grounds: first, that the allegations of the original affidavit were untrue; second, that the affidavit was insufficient; and the justice of the peace upon the hearing of this motion discharged the attachment, and, the defendant being a non-resident, that resulted in a dismissal of the action and it was dismissed without prejudice. Error was prosecuted to this action of the justice in the common pleas, where the judgment of the justice of the peace was affirmed, and error is now prosecuted here.
The attachment was discharged by the justice upon the ground that the affidavit was insufficient, and the only question raised here is, whether under the evidence offered before the justice, he was warranted in making that order.
It is urged that the affidavit was insufficient because the oath of the plaintiff was taken before one H. C. Nicholas, who, it is claimed, was the attorney of the plaintiff in the action below, and that he was otherwise interested in that action.
The' bill of particulars before the justice was drawn up by Mr. Nicholas and indorsed by him “H. C. Nicholas, Counsel”. The affidavit, as I have said, was made before M. Nicholas as notary public. To sustain the motion of defendant to discharge the attachment, an affidavit of the attorney of the defendant, Edward H. Ray, was filed, and it is in this language:
“Edward H, Ray being duly sworn says that the affidavit for attachment in the above case was made before H. C. Nicholas as notary public. That said Nicholas is attorney for plaintiff in this action and interested in these proceedings.” Signed “Edward H. Ray”, and duly certified.
There was no affidavit filed by the plaintiff to meet this affidavit filed on behalf of the defense. The bill of exceptions shows this:
“On the reading of said affidavit before the court, H. C. Nicholas mentioned in said affidavit as ‘attorney for plaintiff in this action and interested in these proceedings’, without being sworn, promptly and orally denied the material allegation of said affidavit that he ‘ was interested in these proceedings’ within the statutory meaning of such interest. ’ ’
*138 Under this evidence the justice of the peace found that the affidavit was insufficient, and discharged the attachment.
It is not necessary to cite the statute or authorities to show that a writ of attachment cannot issue in Ohio, without the necessary affidavit, and if it does so, it is void. I will cite, however, the 33 Ohio St., 254, Endel v. Leibrock, where the supreme court say in the first paragraph of the syllabus:
“A writ of attachment under the code, without the requisite affidavit, is void.”
It is urged by plaintiff in error, first, that there was no evidence before the justice that Mr. Nicholas was interested in these proceedings, or, rather, that the evidence was, in any event, insufficient to show that. It is urged further, that an attorney is not prohibited under the statutes of this state from swearing his client to an affidavit, and that therefore, although Mr. Nicholas may have been an attorney of the plaintiff, he violated no statute in administering the oath in this writ of attachment
There are three or four sections of the statutes that control and govern this question. Section 5262 is as follows:
■ ‘‘An affidavit is a written declaration under oath, made without notice to the adverse party; a deposition is a written declaration under oath, made upon notice to the adverse party; and oral testimony is that delivered from the lips of the witness.”
It will be observed that under this section the only difference between a deposition and an affidavit is that in the case of a deposition a notice is given to the adverse party, and in the case of an affidavit no notice is given. Each is denominated in the statute .as a ‘‘written declaration under oath.”
Section 5263 is as follows:
‘‘An affidavit may be used to verify a pleading, to prove the service of the summons, notice, or other process in an action to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law.”
The original affidavit in this case was used to obtain at provisional remedy — a writ of attachment.
Section 5264 provides before whom an affidavit may be *139 taken. In connection with that, however, it is necessary to look at one or two other statutes.
Section 5264 is as follows:
“An affidavit may be made in or out of this state, before any person authorized to take depositions, and must be authenticated in the same way as depositions, except as provided in section fifty-one hundred and seven.”
It will be seen by the provisions of this section that an affidavit may be taken before any person authorized to take depositions. It follows as a matter of course, it seems to us, that an affidavit cannot be taken before a person who is not authorized to take depositions.
Section 5269 describes and defines the officers before whom depositions may be taken, to-wit, before a judge or clerk of the supreme court, a judge or clerk of the circuit court, a judge or clerk of the common pleas court, a probate judge, a] justice of the peace, notary public, mayor, master commissioner, official stenographer of any court in this state, or any person empowered by a special commission.
Section 5271 is as follows:
“The officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of .the action or proceeding.”
It is clear under this section that depositions cannot be taken before an officer who is a relative of or attorney of either party, or otherwise interested in the action or proceeding. Clearly the purpose of the statute was to prevent any person that is interested either in the way of being an attorney, or by relationship, or in the result of the case — ■ to prohibit such a person from taking a deposition to be used as evidence in the trial of a case — a very wise and very proper provision, as all will agree. But it is contended that this provision does not apply to affidavits, and was not so intended by the legislature, and that there is under these sections of the statutes no such inhibition or prohibition respecting affidavits, and that an attorney may take the affidavit of his client without violating any statute, and quite a number of decisions from the state of New York, and other states outside of Ohio, are cited, some of which tend to support that claim as to those states.
Section 5264 provides that an affidavit may be made before *140 any person authorized to take depositions, but it is urged that this language: “before any person authorized to take depositions”, only refers to the various officers before whom depositions may be taken as set forth in section 5269 and does not refer to section 5271, and that for that reason section 5271 has no application to section 5264. Bnt it seems to us clear that this language in section 5264,that an affidavit may be taken, in or out of this state, before any person authorized to take depositions, means that a person to have authority to take an affidavit, must be one who has the authority and the right under the law of this state to take a deposition, and that an attorney or one interested in the result of a case, being prohibited from taking a deposition, is likewise prohibited under these statutes from taking an affidavit.
It is said that no good reason can be'shown why section 5271 should apply to an officer taking an affidavit. But we think that every reason applies to affidavits that applies to depositions with equal force, and in many cases perhaps with more force. An affidavit is the written declaration of a party under oath taken without notice to the other party ■ — without any opportunity to cross-examine — without any opportunity to the opposite party to be present, either in person or by counsel. The person whose affidavit is taken is thus given an opportunity to frame his statements in the most favorable language that he can choose without the great advantage to the other party which a cross examination gives in the case of a deposition. And affidavits so taken may be used for the purpose of securing extraordinary remedies, such as attachments; for securing injunctions or the dissolution of injunctions, for the appointment of a receiver and to procure remedies the results of which are far reaching; and, in our judgment, it was not the purpose nor intention of the legislature to permit an affidavit that might be used for such a purpose to be taken before an attorney of a party, or before one interested in a case, but it was the intention to require that affidavits, as well as depositions, should be taken before some disinterested person.
The affidavit of Mr. Ray alleges not only that Mr. Nicholas is attorney for the plaintiff, but that he is interested in the proceedings; and, as I have said, there was no denial *141 that the justice was required to take any notice of this. It stood undenied that Mr. Nicholas was an attorney of the plaintiff and interested in the proceeding, and the only denial that the record shows is this statement of Mr. Nicholas referred to in the bill of exceptions, where it is stated that he “promptly and orally denied the material allegations of said affidavit that he was interested in these proceedings within the statutory meaning of such interest”, thus putting an interpretation upon the statute himself, and not under oath. We think it would be contrary to the policy of the law and to public policy to hold that affidavits might betaken to be used before a justice of the peace or in any court, before attorneys and parties interested in the result of causes. These statutes explain themselves; it is not necessary to cite authorities or decisions to interpret them; the meaning of the statutes, when taken together, is clear — the purpose and object of the provisions are plain, and we are of the opinion that this affidavit, which was made before the attorney of a party, and according to the testimony, before one interested in the case, was void, and therefore the writ of attachment and process issued under the affidavit was void.
It is urged that Mr. Nicholas was not an attorney at law. There is no evidence on that question one way or the other,, but this affidavit, which states that he was an attorney of the plaintiff. The statute does not say “an attorney at law”; it says “an attorney”, and an attorney is one who appears on behalf of another, The first definition of Webster is: “One who takes the turn or place of another”, and the second definition given is: “One who is legally appointed by another to transact any business for him.” The statute itself does not employ the term “attorney at law”, but uses simply the word “attorney”.
This was heard before the justice of the peace who saw all that took place during the trial of the case. He knew who tried the case and who appeared there as attorney for the plaintiff; he heard the testimony, including this affidavit, and he found that Nicholas was an attorney of plaintiff and that he was interested in the case, and dissolved the attachment, for the reason that the affidavit was insufficient, and. in that action we are of the opinion that he was warranted *142 under the statutes of this state, and that it was his duty to do exactly what he did do. The judgment of the court of-common pleas will therefore be affirmed.
A. W, Eckert, for Plaintiff in Error.
Ray & Cordill,, for Defendant in Error.